UNITED STATES DISTRICT COURT
DISTRICT OF COLORADO

| | |
|---|---|
| **AARON REEVES**, individually and on behalf of all others similarly situated, <br><br> *Plaintiff*, <br><br> v. <br><br> **VMK, INC. d/b/a PURPLE LOTUS**, <br><br> *Defendant*. | **CLASS ACTION** <br><br> **DEMAND FOR JURY TRIAL** <br><br> **CASE NO:** <br><br> **JUDGE:** |

## CLASS ACTION COMPLAINT

Plaintiff Aaron Reeves brings this class action against Defendant VMK, Inc. d/b/a Purple Lotus, and alleges as follows upon personal knowledge as to Plaintiff and Plaintiff's own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by Plaintiff's attorneys.

## NATURE OF THE ACTION

1. This is a putative class action pursuant to the Telephone Consumer Protection Act, 47 U.S.C. §§ 227, *et seq*. (the "TCPA").

2. Defendant owns and operates a marijuana dispensary.

3. To market its products, Defendant engages in unsolicited text messaging and violates TCPA by continuing to place calls to consumers after they request to opt out of Defendant's messaging.

4. Through this action, Plaintiff seeks injunctive relief to halt Defendant's unlawful conduct, which has resulted in the invasion of privacy, harassment, aggravation, and disruption of

1

the daily life of thousands of individuals. Plaintiff also seeks statutory damages on behalf of himself and members of the Class, and any other available legal or equitable remedies.

## JURISDICTION AND VENUE

5.  Jurisdiction is proper under 28 U.S.C. § 1331 as Plaintiff alleges violations of a federal statute. Jurisdiction is also proper under 28 U.S.C. § 1332(d)(2) because Plaintiff is a citizen of Colorado while Defendant is a citizen of California, and the Complaint alleges a national class, which will result in at least one class member belonging to a different state than that of Defendant. Plaintiff seeks up to $1,500.00 (one-thousand-five-hundred dollars) in damages for each call in violation of the TCPA, which, when aggregated among a proposed class numbering in the tens of thousands, or more, exceeds the $5,000,000.00 (five-million dollars) threshold for federal court jurisdiction under the Class Action Fairness Act ("CAFA"). Therefore, both the elements of diversity jurisdiction and CAFA jurisdiction are present.

6.  This Court has personal jurisdiction over Defendant because it has purposefully directed its activities to this state, and/or has availed itself of the jurisdiction of this state, thereby establishing sufficient contacts for personal jurisdiction in this Court. Defendant's tortious conduct against Plaintiff occurred within the State of Colorado and, on information and belief, Defendant has sent the same, or substantially similar, and text messages complained of by Plaintiff to other individuals within this judicial district, such that some of Defendant's acts in making such calls have occurred within this district, thereby subjecting Defendant to the jurisdiction of this Court

7.  Venue is proper in this District pursuant to 28 U.S.C. §§ 1391(b) and (c) because Defendant is deemed to reside in any judicial district in which it is subject to personal jurisdiction, and because a substantial part of the events or omissions giving rise to the claim occurred in this District.

## PARTIES

8. Plaintiff is a natural person who, at all times relevant to this action, was a citizen of and domiciled in Boulder County, Colorado.

9. Defendant is a California corporation with its principal place of business located at 752 Commercial Street, San Jose, CA 95112.

10. Unless otherwise indicated, the use of Defendant's name in this Complaint includes all agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, vendors, and insurers of Defendant.

## FACTS

11. Defendant has and continues to bombard Plaintiff's cellular telephone ending in 7295 (the "7295 Number") with marketing text messages even after repeated requests by Plaintiff for the messages to stop. The following screenshots depict some of the more recent instances of Defendant ignoring Plaintiff's opt-out requests:



3

Saturday, Dec 19 • 7:11 PM

**30% OFF ENTIRE ORDER & FREE GIFTS**
USE CODE "30GIFT" ONLINE
ALL NEXT DAY DELIVERIES!!
HURRY! DEAL EXPIRES 12/19

Purple Lotus: Happy Holidays!
Treat yourself here : https://rebrand.ly/30gift

Tap to load preview

> Stop

You have successfully been unsubscribed. You will not receive any more messages from this number. Reply START to resubscribe.
Dec 19, 7:11 PM

Tuesday, Apr 27 • 8:45 PM

(P.Lotus) 20% OFF ALL Private Reserve Flower Starting NOW!!!!

Also

25% OFF ALL Next Day Delivery Orders! Use Online Checkout Code "nextday427"

Order Online Here! - http://bit.ly/lotuscrazydeal

Hurry Offer Expires 4/27/21!

C-10-0000241-LIC

Reply STOP to unsubscribe

Tap to load preview

> STOP

Group Texting Alerts: You have opted out of this program & will no longer receive any messages. Reply REPORT to report unwanted messaging

> REPORT

Your report is appreciated and will be reviewed by our compliance team immediately.

> REPORT

Your report is appreciated and will be reviewed by our compliance team immediately.

4

> Monday • 7:27 PM
>
> Purple Lotus : 25% OFF ALL Next Day Delivery Orders Starts NOW!
>
> Use Online Checkout code "nextday621"
>
> Order Online Here! - /wpZNPYg
>
> Expires 9AM 6/22/21!
> C-10-241-LIC
> Rply STOP to cancel

> Yesterday • 7:15 PM
>
> Purple Lotus : 25% OFF ALL Next Day Delivery Orders Starting NOW!!
>
> Use Online Checkout Code "Nextday623"
>
> Hurry! Offer Expires Tomorrow 6/24/21 9AM!
>
> Checkout our website! /yPMgOZP
>
> C-10-241-LIC
>
> Rply STOP to cancel

**STOP**

> You have successfully been unsubscribed, you will not receive any more messages from this number. Reply START to re-subscribe.
>
> Wed 7:17 PM

12. At the time Plaintiff received these messages, Plaintiff was the subscriber and sole user of the 7295 Number.

13. Plaintiff primarily uses the 7295 Number as a personal and residential phone.

14. Defendant's text messages constitute telemarketing, advertising, or solicitations because they promote Defendant's business, goods and services.

15. As demonstrated above, Plaintiff requested multiple times that Defendant stop contacting the 7295 Number using the "stop" key word provided in the text messages.

16. Notwithstanding, Plaintiff continued to receive unsolicited text messages from Defendant.

17. The failure to stop calling is indicative of Defendant's failure to implement a written policy for maintaining a do-not-call list and to train its personnel engaged in telemarketing on the existence and use of the do-not-call-list.

18. Defendant's unsolicited text message caused Plaintiff harm, including invasion of privacy, aggravation, annoyance, and wasted time. Further, Defendant violated Plaintiff's substantive rights under the TCPA to remain free of unsolicited calls.

## **CLASS ALLEGATIONS**

### **PROPOSED CLASS**

19. Plaintiff brings this case as a class action pursuant to Fed. R. Civ. P. 23, on behalf of himself and all others similarly situated.

20. Plaintiff brings this case on behalf of the Class defined below:

**INTERNAL DO NOT CALL CLASS**: All persons within the United States who, within the four years prior to the filing of this Complaint, (1) Defendant, or anyone on Defendant's behalf, (2) placed a text message call, (3) for the purpose of encouraging the purchase or rental of, or investment in, Defendant's property, goods, or services, (4) to said person's telephone number, (5) after the person had requested to Defendant to not receive any more telephonic communications from Defendant by replying "stop" or any other similar request.

21. Plaintiff reserves the right to modify the Class definitions as warranted as facts are learned in further investigation and discovery.

22. Defendant and its employees or agents are excluded from the Class. Plaintiff does not know the number of members in the Class but believes the Class members number in the several thousands, if not more.

**NUMEROSITY**

23. Upon information and belief, Defendant has placed calls to telephone numbers belonging to thousands of consumers throughout the United States. The members of the Class, therefore, are believed to be so numerous that joinder of all members is impracticable.

24. The exact number and identities of the members of the Class are unknown at this time and can only be ascertained through discovery. Identification of the Class members is a matter capable of ministerial determination from Defendant's call records.

**COMMON QUESTIONS OF LAW AND FACT**

25. There are numerous questions of law and fact common to members of the Class which predominate over any questions affecting only individual members of the Class. Among the questions of law and fact common to the members of the Class are:

   a) Whether Defendant can meet its burden of showing that it obtained prior consent to make such calls;

   b) Whether Defendant's conduct was knowing and willful;

   c) Whether Defendant initiated telemarketing calls to telephone numbers who requested to not receive such calls;

   d) Whether Defendant is liable for damages, and the amount of such damages; and

   e) Whether Defendant should be enjoined from such conduct in the future.

26. The common questions in this case are capable of having common answers. If Plaintiff's claim that Defendant routinely transmits calls to telephone numbers assigned to cellular telephone services is accurate, Plaintiff and the Class members will have identical claims capable of being efficiently adjudicated and administered in this case.

### TYPICALITY

27.     Plaintiff's claims are typical of the claims of the Class members, as they are all based on the same factual and legal theories.

### PROTECTING THE INTERESTS OF THE CLASS MEMBERS

28.     Plaintiff is a representative who will fully and adequately assert and protect the interests of the Class, and has retained competent counsel. Accordingly, Plaintiff is an adequate representative and will fairly and adequately protect the interests of the Class.

### PROCEEDING VIA CLASS ACTION IS SUPERIOR AND ADVISABLE

29.     A class action is superior to all other available methods for the fair and efficient adjudication of this lawsuit, because individual litigation of the claims of all members of the Class is economically unfeasible and procedurally impracticable. While the aggregate damages sustained by the Class are in the millions of dollars, the individual damages incurred by each member of the Class resulting from Defendant's wrongful conduct are too small to warrant the expense of individual lawsuits. The likelihood of individual Class members prosecuting their own separate claims is remote, and, even if every member of the Class could afford individual litigation, the court system would be unduly burdened by individual litigation of such cases.

30.     The prosecution of separate actions by members of the Class would create a risk of establishing inconsistent rulings and/or incompatible standards of conduct for Defendant.  For example, one court might enjoin Defendant from performing the challenged acts, whereas another may not.  Additionally, individual actions may be dispositive of the interests of the Class, although certain class members are not parties to such actions.

## COUNT I
### Violations of 47 U.S.C. § 227 and 47 C.F.R. § 64.1200
### (On Behalf of Plaintiff and the Internal Do Not Call Class)

31. Plaintiff re-alleges and incorporates paragraphs 1-30 as if fully set forth herein.

32. In pertinent part, 47 C.F.R. § 64.1200(d) provides:

No person or entity shall initiate any call for telemarketing purposes to a residential telephone subscriber unless such person or entity has instituted procedures for maintaining a list of persons who request not to receive telemarketing calls made by or on behalf of that person or entity. The procedures instituted must meet the following minimum standards:

(1) Written policy. Persons or entities making calls for telemarketing purposes must have a written policy, available upon demand, for maintaining a do-not-call list.
(2) Training of personnel engaged in telemarketing. Personnel engaged in any aspect of telemarketing must be informed and trained in the existence and use of the do-not-call list.

33. Under 47 C.F.R § 64.1200(e), the rules set forth in 47 C.F.R. § 64.1200(d) are applicable to any person or entity making telephone solicitations or telemarketing calls to wireless telephone numbers.

34. Plaintiff and the Internal Do Not Call Class members made requests to Defendant not to receive future calls on their cellular telephone numbers from Defendant.

35. Defendant failed to honor Plaintiff and the Internal Do Not Call Class members' opt-out requests.

36. Defendant's refusal to honor opt-out requests is indicative of Defendant's failure to implement a written policy for maintaining a do-not-call list and to train its personnel engaged in telemarketing on the existence and use of the do-not-call-list.

37. Thus, Defendant has violated 47 C.F.R. § 64.1200(d).

9

38. Pursuant to section 227(c)(5) of the TCPA, Plaintiff and the Internal Do Not Call Class members are entitled to an award of $500.00 in statutory damages, for each and every negligent violation.

39. As a result of Defendant's knowing or willful conduct, Plaintiff and the Internal Do Not Call Class members are entitled to an award of $1,500.00 in statutory damages per violation.

40. Plaintiff and the Internal Do Not Call Class members are also entitled to and seek injunctive relief prohibiting Defendant's illegal conduct in the future, pursuant to section 227(c)(5).

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff, individually and on behalf of the Class, prays for the following relief:

a) An order declaring that Defendant's actions, as set out above, violate the TCPA;

b) An order certifying this case as a class action on behalf of the Classes as defined above, and appointing Plaintiff as the representative of the Classes and Plaintiff's counsel as Class Counsel;

c) An injunction prohibiting Defendant from initiating calls to telephone numbers listed on the National Do Not Call Registry, requiring Defendant to obtain prior express written consent prior to placing telemarketing calls using an ATDS, mandating Defendant to honor opt our requests and maintain an internal Do Not Call list.

d) As a result of Defendant's negligent violations of 47 U.S.C. §§ 227, *et seq.*, and 47 C.F.R. § 64.1200, Plaintiff seeks for himself and each member of the Class $500.00 in statutory damages for each and every violation pursuant to 47 U.S.C. § 227(b)(3).

e) As a result of Defendant's knowing and/or willful violations of 47 U.S.C. §§ 227, *et seq.*, and 47 C.F.R. § 64.1200, Plaintiff seeks for himself and each member of the Class treble damages, as provided by statute, up to $1,500.00 for each and every violation pursuant to 47 U.S.C. § 227(b)(3).

f) Such further and other relief as the Court deems necessary.

## JURY DEMAND

Plaintiff hereby demand a trial by jury.

## DOCUMENT PRESERVATION DEMAND

Plaintiff demands that Defendant take affirmative steps to preserve all records, lists, electronic databases or other itemization of telephone numbers associated with Defendant and the calls as alleged herein.

Dated: July 17, 2021

Respectfully submitted,

**HIRALDO P.A.**

**By:** */s/ Manuel S. Hiraldo*
Manuel S. Hiraldo, Esq.
Florida Bar No. 030380
401 E. Las Olas Boulevard
Suite 1400
Ft. Lauderdale, Florida 33301
mhiraldo@hiraldolaw.com
(t) 954.400.4713

Ignacio Hiraldo, Esq.
**IJH Law**
1200 Brickell Ave. Suite 1950
Miami, FL 33131
E: IJhiraldo@IJhlaw.com
T: 786-496-4469

*Attorneys for Plaintiff and the Proposed Class*